UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| NANCY ECHELBARGER,<br><br>    Plaintiff,<br><br>    v.<br><br>BROOKDALE LIVING COMMUNITIES OF WA-PP, LLC,<br><br>    Defendant. | NO. CV-10-401-RHW<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REMAND** |

Before the Court is Plaintiff's Motion to Remand (Ct. Rec. 4). The motion was heard without oral argument.

On November 5, 2010, Plaintiff filed her Complaint in Spokane County Superior Court. Defendant removed the action on the basis of diversity of citizenship.

28 U.S.C. § 1332 provides:

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between . . . (1) citizens of different States.

At issue here is whether Defendant has established that the amount in controversy exceeds $75,000 by a preponderance of the evidence.

Plaintiff's complaint does not specify a specific request for damages. Where a plaintiff's complaint does not specify the amount of damages being sought, the removing defendant bears the burden of demonstrating by a preponderance of the evidence that the amount in controversy requirement is satisfied. *See Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir.1997); *Gaus v. Miles,*

**ORDER DENYING PLAINTIFF'S MOTION TO REMAND ~ 1**

1 *Inc.*, 980 F.2d 564, 567 (9th Cir.1992). If the amount in controversy is not clear on the face of the complaint, the defendant must do more than point to a state law that might allow recovery above the jurisdictional minimum. Rather, the "defendant must submit 'summary-judgment-type evidence' to establish that the actual amount in controversy exceeds $75,000." *Singer*, 116 F.3d at 377.

Here, Plaintiff's complaint alleged that she suffered the following injuries: wage loss, healthcare expense, pain and suffering, inability to enjoy life, and disability.

Prior to the filing of the Complaint, Plaintiff presented a settlement demand to Defendant for $120,000. Plaintiff had injured herself while on Defendant's premises. She had undergone two surgeries and extensive therapy on her elbow. In her demand letter, Plaintiff asserted that jury verdicts in Washington for multiple surgery cases ranged from $275,000 to 704,000. In making her demand, Plaintiff offered a reduction for 25% comparative negligence.

Defendant then notified Plaintiff that they intended to remove the case to federal court based on the demand letter. In a responsive letter, Plaintiff indicated that she was now willing to settle to just below $75,000. She indicated that her $120,000 demand was aspirational and in no way reflected a realistic demand. However, Plaintiff would not agree to not seek more than $75,000 before the jury.

A settlement letter is relevant of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim. *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002). While Plaintiff appears to argue that her demand was inflated and not an honest assessment of the damages, this is not borne out by a jury verdict in a similar case. *See Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) (finding it was proper for district court to consider emotional distress damages awards in similar age discrimination cases in Washington to determine the amount in controversy). Notably, in the jury verdicts provided by Plaintiff, where the plaintiff had medical bills of $23,000 and two surgeries and the

**ORDER DENYING PLAINTIFF'S MOTION TO REMAND ~ 2**

plaintiff was found to be 25% comparatively negligent, the jury returned a verdict of $176,250.  Thus, the Court concludes that the $120,000 settlement demand reflects a reasonable estimate of Plaintiff's claim.  In the settlement demand, Plaintiff indicated that she had incurred $32,117 in medical expenses.  Plaintiff indicates that she continues to experience limitation and intermittent pain in her elbow, is unable to do routine tasks, and can no longer participate in leisure pursuits she once enjoyed.  She maintains that the accident has impacted her life severely and will continue to do so in the future.

The Court finds that at the time of the removal the amount in controversy was more than $75,000.  Plaintiff cannot seek to deprive this Court of jurisdiction by reducing her demand to $75,000 or less once the jurisdictional threshold has been satisfied.  *Yong Qin Luo v. Mikel*, __ F.3d __, 2010 WL 3385948, *3 (2nd Cir. Aug. 30, 2010).  Likewise, Plaintiff's refusal to stipulate to damages less than $75,000 establishes that it is more likely than not that the jurisdictional requirements for the amount in controversy are met.  *See Felipe v. Target Corp.*, 572 F.Supp.2d 455, 459 (S.D. N.Y. 2008); *Armstrong v. ADT Sec. Servs. Inc*, 2007 WL 187693 (S.D. N.Y. 2007) (finding the plaintiff's refusal to sign stipulation limiting damages to $75,000 evidenced "reasonable probability" that amount in controversy exceeded that amount).

Accordingly, **IT IS HEREBY ORDERED:**

1. Plaintiff's Motion to Remand (Ct. Rec. 4) is **DENIED**.
2. Plaintiff's Motion for Leave to File Excess Pages (Ct. Rec. 8) is **GRANTED**.
3. Plaintiff's Motion to Expedite (Ct. Rec. 12) is **GRANTED**.

///
///
///

**IT IS SO ORDERED.**  The District Court Executive is directed to enter this

**ORDER DENYING PLAINTIFF'S MOTION TO REMAND ~ 3**

Order and forward copies to counsel.

**DATED** this 2nd day of December, 2010.

*s/Robert H. Whaley*

ROBERT H. WHALEY
United States District Judge

Q:\CIVIL\2010\Echelbarger\remand2.wpd

**ORDER DENYING PLAINTIFF'S MOTION TO REMAND** ~ 4